UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLOUDBUSTERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-208-GSL-AZ |
| | ) |
| RYAN TINSLEY, PRACTICE42, LLC, | ) |
| THE LAW OFFICE OF AUDREY | ) |
| EHRHARDT, PLLC, and AUDREY | ) |
| EHRHARDT, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court Defendants' Motion to Strike Paragraphs 44, 45, and 46 From Plaintiff's Complaint [DE 16], filed on September 25, 2025. Defendants Practice42, LLC, the Law Office of Audrey Ehrhardt, PLLC, and Audrey Ehrhardt seek to strike three paragraphs (and an attached exhibit) from Plaintiff's complaint because these paragraphs contain or refer to settlement negotiations in violation of Federal Rule of Evidence 408(a). Plaintiff opposes the motion and says these allegations are fully permissible. Without weighing in on any evidentiary issue relating to admissibility, the Court agrees with Plaintiff that there is an insufficient basis to strike these allegations from the pleadings. The Court will deny motion because Defendants fail to meet Rule 12(f)'s high burden for striking factual allegations from a pleading.

## Background

This is a trademark dispute in which Plaintiff Cloudbusters alleges that Defendants acted in concert to violate the Defend Trade Secrets Act and Indiana Uniform Trade Secrets Act, and that they further committed breaches of contract and tortious interference. Plaintiff's 135-paragraph complaint lays out its version of the history of business dealings between the parties including Defendant Tinsley's employment with Cloudbusters as its former IT manager, Cloudbusters's business dealings with Defendants P42 and the Law Office of Audrey Ehrhardt and others. At its core, Cloudbusters alleges that Defendant Tinsley stole its proprietary information for the benefit of P42 and others during and after his employment with Cloudbusters. While Defendants have generally denied Cloudbusters' allegations and counterclaimed, *see* DE 13 (Defs.' Answer & Countercl.), they take particular issue with three paragraphs and one exhibit to the Complaint, and they ask that they be stricken. Those paragraphs are:

> **44.** On February 17, 2025, Cloudbusters, via its CEO and President, met with P42, via its CEO, regarding Tinsley's resignation and actions taken over the past weekend.
>
> **45.** On February 18, 2025, Cloudbusters, via its CEO and President, Ehrhardt, and P42, met virtually to further discuss Tinsley and Cloudbusters' provided IT services. During this meeting, Ehrhardt proposed contacting Tinsley and terms to buy him out from Cloudbusters. Cloudbusters did not accept any such terms or proposal.
>
> **46.** On February 19, 2025, Ehrhardt elected to terminate services with Cloudbusters and sent a proposed Mutual Release Agreement. A copy of the proposed Mutual Release Agreement is attached here, made part of, and marked as **Exhibit H**.

DE 1 at ¶¶ 44-46. Exhibit H to the complaint, as suggested by paragraph 46, is titled "Mutual Release Agreement." The document includes numerous sections, some of which relate to settlement discussions. For example, Section 4 is a "Settlement Terms," including a payment of money, and Section 5 is a "Mutual Release of Claims." *See* DE 1-8 (Mutual Release).

## Discussion

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources on non-dispositive matters, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). But "where...motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* In other words, motions to strike are very context specific.

There is a split of authority among district courts in the Seventh Circuit as to whether inadmissibility of settlement communications under Fed. R. Evid. 408 can justify a motion to strike. In *Bishops Bay Founders Group, Inc. v. Bishops Bay Apartments, LLC,* 301 F. Supp. 2d 901 (W.D. Wis. 2003), the defendant moved to strike a letter attached to the complaint as redundant and immaterial under Rule 12(f), and as an inadmissible offer to compromise under Rule 408. *Id.* at 903. The

3

court denied the motion to strike because the defendant failed to show that the letter was "redundant or immaterial." *Id.* at 904. But the court specifically left open the possibility of striking or excluding the communications at issue "if and when plaintiff attempts to use [them] as evidence." *Id.*; *Eppenger-Pollard v. Lock Joint Tube, Inc.*, 2005 WL 2216900, at *2 (N.D. Ind. Sept. 9, 2005) (denying motion to strike on similar grounds). "Other courts, however, have granted motions to strike based on Rule 408 where a contrary conclusion would undermine the Rule's purpose of encouraging settlement negotiations." *Fidelity Nat. Title Co. v. L. Title Ins.*, 2005 WL 1126899, at *6 (N.D. Ill. May 3, 2005) (collecting cases and granting motion to strike settlement-related letter under Rule 408). But the Seventh Circuit itself has not addressed the issue[1], so it remains an open question without binding authority.

Here, it is not clear that all the allegations sought to be stricken are similar in nature. Plaintiffs argue the allegations relate to "routine business negotiations…as part of their then-existing customer and provider relationship" with certain Defendants. DE 20 at 2. Paragraph 44 references a meeting between the companies' CEOs. DE 1 at ¶ 44. Paragraph 45 references a second meeting the following day that is at least partially about business issues, not litigation or claims resolution. *Id.* ¶ 45. Neither of those two paragraphs necessarily implicate Rule 408. Paragraph 46 and Exhibit H, however, are not so clear cut. As discussed above, the Mutual Release Agreement found at Exhibit H and referenced in paragraph 46 does appear to be

---

[1] Defendant cites to *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477 (2000) but that case did not concern a Rule 12(f) motion to strike or pleadings in general. It concerned Rule 408 and the admissibility of evidence at trial.

4

settlement related. But merely being settlement related is not enough, as Rule 408 specifically allows for settlement related communications to be admissible "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Plaintiff does not argue that Exhibit H or paragraph 46 fit within any of those enumerated permissible uses, but the list is not exhaustive, and Plaintiff does not need to make this argument to defeat Defendants' motion to strike at this stage of the litigation.

Even if some of the allegations were considered settlement negotiations or offers of compromise—and thus would be inadmissible as *evidence* at summary judgment or trial for purposes of establishing liability—there are several reasons why it does not follow that they are categorically subject to striking under Rule 12(f). First, pleadings generally are not evidence. *See Warner Bros. Ent. v. Synergex Corp.*, 2014 WL 518085, at *3 (N.D. Ill. Feb. 10, 2014) (citing *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). Thus, applying the Federal Rules of Evidence to Plaintiff's complaint is misplaced. *See Eppenger-Pollard*, 2005 WL 2216900, at *2 ("Rule 408 is a rule governing the admission of evidence in court, not a rule of pleading, and [Plaintiff] has not implicated Rule 408 by offering the letters into evidence.") (citation omitted). Pleadings often contain allegations that ultimately prove not relevant to the claims, inadmissible as evidence, or simply untrue. That's the nature of litigation. But more to the point, it is simply too early in this case to make a judicial call as to

5

whether these allegations are true or would be eventually admissible at summary judgment or trial.

Second, the text of Rule 12(f) references striking "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). That list does not include "inadmissible matters." Under the canon of *expressio unius est exclusio alterius*, or the expression of one thing is the exclusion of another, when construing a statute (or the Federal Rules of Civil Procedure) common sense dictates that the exclusion of a word from a list is purposeful. *See N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302, (2017). Context of course matters, but if there was an intent to have courts apply the Federal Rules of Evidence to pleadings via a Rule 12(f) motion to strike, the Court thinks that would have been explicit through inclusion of "inadmissible." *See Eppenger-Pollard*, 2005 WL 2216900, at *2 (N.D. Ind. Sept. 9, 2005) ("The [settlement communications] do not appear to be scandalous, impertinent, or immaterial-even if they will be inadmissible in evidence.").

Third, the Court agrees with the point made in *Bishops Bay* and *Eppenger-Pollard* that the exclusion of settlement communications is a question better answered when a party tries to introduce the settlement communication as evidence. *Bishops Bay*, 301 F. Supp. 2d at 904 ("As to the Rule 408 argument, defendant may renew its objection if and when plaintiff attempts to use the letter as evidence."); *Eppenger-Pollard*, 2005 WL 2216900, at *2 ("Rule 408 is a rule governing the admission of evidence in court, not a rule of pleading…") (citation omitted). This is also supported by the fact that "Rule 408 does not create any category of documents

that is off limits from discovery." *Clark v. Experian Info. Sols., Inc.*, 2006 WL 626820, at *2 (N.D. Ill. Jan. 6, 2006). "Rather, Rule 408 creates a narrow exclusion from admissibility as evidence" and "information does not have to be admissible to be discoverable." *Id.* Defendants' position that references to settlement discussions in a pleading are wholesale impermissible is at odds with the fact that settlement discussions can be discoverable.

Fourth, there is the Seventh Circuit's general disfavor of motions to strike, *see Custom Vehicles*, 464 F.3d at 727, and the Federal Rules of Civil Procedure's general preference for resolving disputes on the merits. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010). Both considerations, while admittedly general principles, weigh against using Rule 12(f) to apply Rule 408 at the pleadings stage.

Finally, as discussed, Plaintiff disputes that these allegations were in fact settlement-related communications or that they are being used to prove liability. *See* DE 20 at 2. In cases such as *Fidelity Nat. Title*, where matters were stricken as violative of Rule 408, the use of the settlement-communications to prove liability was undisputed. *Fidelity Nat. Title*, 2005 WL 1126899, at *6 ("There is no dispute in this case that Fidelity intends to use the Ginocchio letter to establish the validity of its claims against Defendants."). Defendants of course see these allegations as offers of compromise and therefore "impermissible." *See* DE 21 at 2. But the Court need not resolve issues of admissibility or ultimate liability at this time because this case is in its infancy. While striking matters under Rule 408 may be permissible in some clear-cut cases like *Fidelity Nat. Title*, this is not such a case because the allegations are

7

not unequivocally "redundant, immaterial, impertinent, or scandalous," as is necessary to succeed on a Rule 12(f) motion to strike.

## Conclusion

For the reasons discussed, Defendants' Motion to Strike Paragraphs 44, 45, and 46 from Plaintiff's Complaint [DE 16] is **DENIED**.

So ORDERED this 18th day of November 2025.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT